Dear Representative Driskill:
This opinion is in response to your question asking:
 Does Chapter 278 RSMo, or other applicable statutory law give soil and water conservation subdistricts authority to expend revenues collected by the subdistrict as a result of the annual tax specified in Section 278.250, Subsection (2), for the acquisition of real and personal property and for the acquisition of rights of way?
Section 278.250.1 and .2, RSMo 1978, provides:
 278.250. Organization tax — annual tax for subdistrict — limitation — levy, collection lien, enforcement. — 1. In order to facilitate the preliminary work of the subdistrict the governing body of the subdistrict or the trustees of the subdistrict, when acting with the approval of the governing body as provided in section 278.240, may levy an organization tax of not to exceed forty cents per one hundred dollars of assessed valuation of all real estate within the subdistrict, the proceeds of which may be used for organization and administration expenses of the subdistrict, the acquisition of real and personal property, including easements for rights-of-way, necessary to carry out the purposes of the subdistrict. This levy may be made one time only. The organization tax may be imposed as provided for in subsections 4 and 5.
 2. After the governing body or the trustees of the subdistrict, when acting with the approval of the governing body as provided in section 278.240, have obtained agreements to carry out recommended soil conservation measures and proper farm plans from owners of not less than sixty-five percent of the lands situated in the subdistrict, an annual tax may be imposed for construction, repair, alteration, maintenance and operation of the present and future works of improvement within the boundaries of the subdistrict in order to participate in funds from federal sources appropriated for watershed protection and flood prevention. The annual tax may be imposed as provided for in subsections 4 and 5.
* * *
(Emphasis added.)
It is our understanding that the Fourchee Creek Watershed District, a subdistrict of the Ripley County Soil and Water Conservation District, is involved in the construction of a series of flood control impoundments on privately owned land. The Subdistrict is to acquire flowage rights, road rights-of-way and the actual ownership of the impoundment structure. The Subdistrict has already levied the tax authorized by Section278.250.1, RSMo 1978, and wishes to use revenues derived from the tax authorized by Section 278.250.2, RSMo 1978, to acquire the flowage rights, road rights-of-way and the ownership of the impoundment structure.
In Missouri Attorney General Opinion No. 83, Slusher, 1960, copy enclosed, this office opined that the authorization to use subsection 2 tax revenues for the "construction . . . of the present and future works of improvement" of a subdistrict impliedly authorized the expenditure of the funds for the cost of advertising for bids for construction work, because the advertising for construction bids is a necessary prerequisite or precondition to construction. Likewise, in Johnson v.Cummings, 281 Ark. 229, 663 S.W.2d 168, 170 (1984), the court was confronted by a constitutional provision that, in part, prohibited the "construction" of a county jail without voter approval. The court indicated that generally the purchase of land does not violate the constitutional provision, because construction does not occur simply because land is purchased or otherwise acquired. However, when the sole purpose of the land acquisition is to acquire the land for the construction of a county jail, then the acquisition of the land is a part of the construction of a county jail. See also Opinion Letter No. 59, Lafser, 1980, copy enclosed.
We believe that revenues derived from subsection 2 of Section 278.250, RSMo 1978, may be used to acquire real and personal property and rights-of-way if the sole purpose in acquiring such is for the construction of a present or future improvement otherwise authorized by the language of subsection 2.
However, if the real or personal property or the rights-of-way are not acquired for construction or the other enumerated purposes, then subsection 2 revenues may not be used for the acquisition.
CONCLUSION
It is the opinion of this office that tax revenues derived from subsection 2 of Section 278.250, RSMo 1978, may be used to acquire real and personal property and rights-of-way if the sole purpose in acquiring such is for the construction of present or future works of improvement otherwise authorized by the language of the statute.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 83, Slusher, 1960 Opinion Letter No. 59, Lafser, 1980